IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JOSEFINA VAZQUEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>**CAROLYN W. COLVIN**, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | **No. 14-CV-4124-DEO**<br><br><br>**ORDER** |

## I. INTRODUCTION AND BACKGROUND

The above captioned case arises out of a Social Security Complaint filed by Ms. Vazquez on December 26, 2014. Docket No. 3. On March 13, 2015, the Defendant filed a Motion to Remand, Docket No. 7. In the Motion to Remand, the Defendant admitted possible deficiencies in the record and requested the Court remand the case.

Pursuant to 42 U.S.C. § 405(g):

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further actions...

Unlike a Section 405(g) remand under sentence four, which "terminates the court's jurisdiction," a "remand under sentence six does not." Travis v. Astrue, 477 F.3d 1037, 1039 (8th Cir. 2007) (citations omitted). "Under sentence six, 'the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination.'" Id. at 1039-40 (quoting Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991)). A sentence six remand is authorized in only two situations: "(1) where the Commissioner requests a remand before answering the complaint seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000)(citations omitted). Here, the Court found good cause for a sentence six remand and granted the Defendant's request on March 17, 2015. Docket No. 8. The case was remanded to the Appeals Council for further consideration.

**II. ANALYSIS**

On July 14, 2015, the Plaintiff filed a Motion to Reopen the case. Docket No. 9. Attached to the Plaintiff's Motion was a decision by the Appeals Council (again) rejecting Ms. Vazquez's claim. Docket No. 9, Att. 1. In her Motion, the Plaintiff requests that the case be reopened and that her Complaint, Docket No. 3, be allowed to proceed. As stated above, under sentence six, this Court retains jurisdiction to hear the Plaintiff's case. Based on the Plaintiff's Motion, Docket No. 9, and Exhibit, Docket No. 9, Att. 1, it is clear that the Plaintiff did not receive a favorable outcome from the Appeals Council. Accordingly, it is appropriate to reopen her case before this Court and her Motion, Docket No. 9, will be **GRANTED.**

**III. CONCLUSION**

For the reasons set out above, the Plaintiff's Motion to Reopen the case (Docket No. 9) is **GRANTED.** The Plaintiff will have 14 days from the date of this Order to file an Amended Complaint. Because the attorney for the Defendant has already filed an appearance in this case, the Defendant will have 45 days from the date the Plaintiff files the Amended Complaint

to file an Answer or other appropriate motion. Following the filing of the Defendant's Answer, the Clerk of Court will enter a briefing schedule.

**IT IS SO ORDERED** this 14th day of July, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa