# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JOSEFINA VAZQUEZ,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. C14-4124-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

_____

## I.　　INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, United States Magistrate Judge. *See* Doc. No. 21. Judge Williams recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.　　APPLICABLE STANDARDS

*A.　Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit

explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely

because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   THE R&R

Vazquez applied for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). She alleged disability due to depression, fibromyalgia and neck and back pain. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Vazquez could perform past relevant work and could also perform other work that exists in significant numbers in the national economy. In her complaint and brief before this court, Vazquez raised two arguments to contend that the ALJ incorrectly determined she was not disabled during the relevant period of time:

(1) The ALJ erred by evaluating opinions contrary to the correct standards and contrary to the evidence;

(2) The ALJ erred by improperly discounting plaintiff's statements.

*See* Doc. No. 17.

Judge Williams found that the ALJ's decision is not supported by substantial evidence and, therefore, recommended that it be reversed and remanded. Doc. No. 21. Specifically, Judge Williams addressed the ALJ's evaluation of an opinion provided by Rodney Dean, M.D., Vazquez' treating psychiatrist, and stated:

> Dr. Dean said only that claimant has "fair" ability to perform 1-2 step or simple tasks. That does not mean that Dr. Dean opined that claimant can perform simple, unskilled work, since Dr. Dean also stated that claimant had "poor" ability to sustain attention and pace and concentration, and poor ability to maintain attendance to complete a normal workday and work-

4

> week. AR 646. The ALJ did not explain what weight, if any, he gave to the remainder of Dr. Dean's opinion, but simply stated that the "other opinions" of Dr. Dean are not supported by his treatment notes and that there were no additional records except that one visit. AR 32.
>
> The record contains one and half years of treatment records which support the opinion of Dr. Dean. Dr. Dean was claimant's long-term, treating psychiatrist. He had the relationship with claimant and the information to support his treating source specialist opinions. His opinions are consistent with those of the examining psychologist as well.

Doc. No. 21, p. 8-9. Judge Williams determined that the opinions of Twila Preston, Ph.D., Julie Heaton, M.D., Shelly Backhaus, LISW, and Leslie McDonald-Gonzalez, LMSW, supported Dr. Dean's opinion.

An ALJ must give a treating source opinion controlling weight when it is supported by acceptable clinical and laboratory diagnostic techniques and where it is "not inconsistent" with other substantial evidence in the record. *Casey v. Astrue*, 503 F.3d 687, 692 (8th Cir. 2007); *Wagner v. Astrue*, 499 F.3d 842, 850 (8th Cir. 2007); 20 C.F.R. § 404.1527(c)(2). Accordingly, Judge Williams explained:

> In spite of all of the support in the record for Dr. Dean's opinions, and Dr. Preston's opinions, the ALJ stated he gave only "some weight" to Dr. Dean's opinions, but the record reflects the ALJ actually gave very little weight to Dr. Dean's opinions. He similarly discounted the consultative psychologists' opinions. AR 31-32. Instead, the ALJ gave great weight to the opinions of two psychologists who have never treated, never examined, and never met claimant. It is long settled law that opinions of non-treating and non-examining doctors are not usually sufficient to be substantial evidence to support a denial. *Shontos v. Barnhart*, 328 F.3d 418 (8th Cir. 2002). The regulations recognize that "because non-examining sources have no examining or treating relationship with [the claimant], the weight [the SSA] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. § 416.927(c)(3); *Coleman v. Astrue*, 498 F.3d 767, 772 (8th Cir. 2007).

*Id.*, p. 10-11. Judge Williams concluded:

5

> Because the ALJ failed to give the treating expert medical opinion of Dr. Dean its proper controlling weight, this case should be remanded for further proceedings at the agency consistent with this Order. There is no need to examine claimant's further claims of error in this regard.

*Id.*, p. 11.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards for the evaluation of treating medical source opinions and correctly found that the ALJ failed to give Dr. Dean's opinion its proper weight. I find no error – clear or otherwise – in his recommendation. As such I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** United States Magistrate Judge Williams' May 4, 2016, report and recommendation (Doc. No. 21) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation:

   a. The Commissioner's determination that Vazquez was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as discussed by Judge Williams.

   b. Judgment shall enter in favor of Vazquez and against the Commissioner.

   c. If Vazquez wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has

ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 3rd day of August, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE